■ SUSIE HSIUNG, Respondent, v JAMES HSIUNG, Appellant.—In a matrimonial action in which the plaintiff wife had been granted a judgment of divorce, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated June 30, 1976, as granted plaintiff's application for a wage deduction order pursuant to section 49-b of the Personal Property Law. Order reversed insofar as appealed from, without costs or disbursements, and action remanded to Special Term, with a direction that a hearing on the parties' motions to modify the support terms incorporated into the divorce decree be held forthwith. Under the circumstances of this case, the Special Term was without authority to grant plaintiff's application for a wage deduction order. Subdivision 3 of section 49-b of the Personal Property Law empowers the court to grant the order if the person liable to pay support pursuant to a court order has failed to present evidence sufficient to rebut the presumption of delinquency. In the case at bar, defendant was not given such an opportunity; the payroll deduction order was issued pending the hearing on his motion to modify his support obligations. We have directed that such hearing be held forthwith in order to avoid any injustice which might be occasioned by further delays. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.

■ ROGER INTROCASO et al., Respondents, v RYE FORD, INC., Defendant, and FORD MOTOR COMPANY, INC., Appellant.—In an action to recover compensatory and exemplary damages for fraud, defendant Ford Motor Company appeals (by permission) from an order of the Supreme Court, Westchester County, dated December 5, 1975, which denied its motion to strike certain matter from the complaint. Order affirmed, with $50 costs and disbursements. The matter sought to be stricken from the complaint is relevant on the question of punitive damages and thus cannot be said to be unnecessary. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.

■ JERRY GRASSO & SON, INC., Respondent, v ORANGE & ULSTER VACUUM COOL, INC., Appellant.—In a negligence action to recover for damages to property, defendant appeals from an order of the Supreme Court, Dutchess County, dated April 20, 1976, which denied its motion to vacate a default judgment entered against it on September 18, 1975. Order reversed, without costs or disbursements, and motion granted, with the judgment to stand as security, upon the condition that defendant pay $350 to plaintiff's attorneys within 20 days after entry of the order to be made hereon; in the event that such condition is not complied with, then order affirmed, with $50 costs and disbursements. Upon the particular facts of this case, the motion should have been granted with the judgment to stand as security. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.